■ KVAERNER U.S., INC., Appellant, v MERITA BANK plc et al., Respondents. [732 NYS2d 215] —Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about April 3, 2001, which denied plaintiff's motion to preliminarily enjoin defendant bank from honoring demand upon a certain letter of credit, unanimously affirmed, with costs.

Plaintiff has failed to support its allegation of fraud in the transaction underlying issuance of the subject letter of credit. The record does not demonstrate that defendant Equatorial Tonopah fabricated defects in the mine simply to justify the drawing down of the letter of credit. Indeed, plaintiff's own experts had issued reports detailing the mine's defects months before the attempted draw down. Further, inasmuch as it is undisputed that the mine was built and operational and that Equatorial has paid plaintiff some 80% of the monies owed under their contract, the dispute over the alleged defects in the mine constructed by plaintiff for Equatorial does not go to the heart of the transaction (see, Chiat/Day Inc., Adv. v Kalimian, 105 AD2d 94, 97). At best, the evidence submitted merely supports allegations of breach of contract, not fraud, and as such is insufficient to justify enjoining payment of the letter of credit (see, Magar, Inc. v National Westminster Bank USA, 189 AD2d 580, lv dismissed 81 NY2d 952).

Denial of the motion for a preliminary injunction was also proper since plaintiff would not be irreparably injured in the absence of such relief (see, Chiat/Day Inc., Adv. v Kalimian, supra, at 98). Finally, plaintiff's claim that a hearing was required upon its motion for preliminary injunctive relief is without merit (see, CPLR 6312 [c]). Concur—Sullivan, P. J., Rosenberger, Nardelli, Rubin and Friedman, JJ.